SOMMERVILLE, J.
The plaintiff was a longshoreman in the employ of the defendant stevedore company, and was engaged in loading piles on a vessel in the Mississippi river.
The hatches, covers, burden pieces, sister pieces, and fore and after pieces of the vessel were all taken off of hatch No. 4, for the purpose of loading it with piles. Hatch No. 3 had only one section taken off. The workmen were lowering the piles into No. 4 hatch, and after the end of the pile was in the hold of the ship, they would take the fall that was attached to No. 3 winch and pull the pile forward so as to get it landed in the hold of the ship. After the ship had been partially loaded, and while a very long pile was being loaded, it became jammed; and the order was given by the foreman for all hands to come out of the hold of the ship and remove the hatch cover from hatch No. 3. There were four hands in the hold of the ship at the time. Two of them went on deck in accordance with the order given, while two others, one of whom was plaintiff, remained in the hold. The hatch cover fell in and injured plaintiff in the manner set forth in his petition. He herein sues defendant for damages.
The defendant answered and alleged that plaintiff was injured through his own gross fault and negligence, and through disobedience of the order of his superiors.
There was judgment in favor of defendant, and plaintiff has appealed.
There were four witnesses for plaintiff, including himself, and four witnesses for the defendant, who witnessed the accident. Witnesses for plaintiff and defendant contradict each other as to the manner in which the accident occurred, and as to the order given by the foreman for all hands to come on deck. Plaintiff’s witnesses say that the order was for two of the workmen to come up, and for the other two to remain in the hold; while defendant’s witnesses all testify that the order was given for all the hands to come on deck to remove the hatch.
The trial judge who saw and heard all of the witnesses was impressed with the truth of the testimony given by the defendant’s witnesses, and dismissed the case. We see no reason for disturbing his finding. The case presents only a question of fact, and the rinding of the lower court will not be disturbed, as it appears to be correct, after an examination of the evidence.
Plaintiff, in the course of his testimony, admitted that he knew the hatch was to be removed and that it was dangerous to stand under it at that time. When he took the dangerous position he assumed, and disobeyed the orders of his superiors to move from under the hatch and to go on deck, he was gross *631 ly negligent; and he cannot recover for the injuries he suffered. He was told by one of his fellow workmen to get out of the way and to go back out of danger in the event that anything should fall. This fellow servant took a safe position, but plaintiff answered, “I’m all right.”
, The derriekman for No. 3 hatch testified that he called all the men up out of the hold; that he hooked on the fore and after piece to the fall and began to take off hatch No. 4; that he swung the fore and after piece over to the men to land it on the other section of the hatches, but they missed catching it, and it swung back and struck the burden piece and knocked the other sections of the hatch off, which fell into the hold and hurt the plaintiff. But plaintiff knew that it was dangerous to be under the hatch at the time, and he was twice warned to get from under it.
It was distinctly testified that there wTas no other work being done on the vessel at the time, although plaintiff says he was then loading the vessel. He should have been on deck helping to remove the hatch.
The judgment appealed from is affirmed at the cost of plaintiff.
O’NIELL, J., concurs in the decree.